IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW WILEY,<br><br>    PLAINTIFF,<br><br>v.<br><br>STAR CHRYSLER/JEEP, LLC, NEW CASTLE INSURANCE, LTD., And BLUE CROSS BLUE SHIELD INSURANCE,<br><br>    DEFENDANTS. | C.A. No. |

COMPLAINT

COMES NOW the plaintiff, by undersigned counsel, and as a cause of action against the above named defendants, hereby alleges as follows:

JURISDICICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. 1132(e).

PARTIES

2. Plaintiff, Matthew Wiley, is the former employee of Star Chrysler/ Jeep, LLC and participant in the Health Plan.

3. Defendant, Star Chrysler/ Jeep, LLC (hereinafter "Star"), is a Delaware corporation and an employer of 20 or more employees in an industry affecting commerce within the meaning of 29 U.S.C. Section 1002(5), (11) and (12) whose registered agent is located at Young, Conway, Stargatt & Taylor, LLP, 1000 West Street Brandywine Building, 17th Floor, Wilmington, DE 19801. Star is also an administrator and the plan sponsor of the Health Plan within the meaning of 29 U.S.C. 1002(16).

4. Defendant, New Castle Insurance, Ltd. is the insurance broker for Star whose registered agent and principal place of business is located at 621 Delaware Street, New Castle, DE 19720.

5. Defendant, Blue Cross Blue Shield of Delaware, is a Delaware corporation whose registered agent is located at 201 West 14th Street, Wilmington, DE 19801.

## COMMON FACTS

6. Plaintiff was a former full-time employee of Star and was employed with Star for approximately one year.

7. On or about November 21, 2005, plaintiff was involved in a motorcycle accident in which he was severely injured.

8. On or about November 30, 2005, Star terminated plaintiff.

9. During his employment with Star, plaintiff received health insurance benefits through Star's health benefit plan which was administered by Blue Cross Blue Shield of Delaware.

10. During plaintiff's employment with Star, he was given an insurance card with identification number XHA101386, account number 120908.

11. Star was identified as the employer on the insurance card.

12. Subsequent to plaintiff's termination, he was entitled to have COBRA benefits extended him within 14 days of his termination of employment.

13. On December 6, 2005, Sandra Keele, Director of Employee Benefits for New Castle Insurance, Ltd. sent a letter to plaintiff notifying him that effective November 30, 2005 his group health coverage would terminate with Star.

14. Plaintiff was also informed that he had 60 days from the later of the date of the December 6, 2005 notice or the date coverage ends to notify New Castle Insurance, Ltd. of his election to continue his insurance coverage.

15. On January 4, 2006, Sandra Keele wrote plaintiff's attorney indicating that plaintiff had inquired into the continuation of healthcare benefits (COBRA) paperwork and she enclosed the COBRA Notification and Election form. The current premiums were also attached to this paperwork.

16. Plaintiff's attorney was instructed to complete the paperwork and send the first month's payment if he elected COBRA.

17. On the notice entitled COBRA Rates it was noted that the monthly cost for an individual was $326.21.

18. Plaintiff elected to continue healthcare benefits.

19. To date, plaintiff has not been extended COBRA healthcare under the health plan despite his request to continue healthcare coverage.

## COUNT I – HEALTH PLAN UNDER ERISA

20. The allegations of Paragraphs 1 through 19 are incorporated by reference as if fully restated.

21. Under terms of 29 U.S.C. Section 1132 (c)(1), and Section 1166(4) the Plan Administrator, or any of them was required to notify the plaintiff of his rights under COBRA provisions of ERISA.

22. Plaintiff selected COBRA health coverage.

23. Plaintiff has been denied participation as former employee under COBRA in a Health Plan by the Plan Administrator of said plan.

WHEREFORE, plaintiff requests that this Court enter judgment against the defendants:

(1) Against Blue Cross Blue Shield for status as plan participant under the healthcare continuation provisions of COBRA for the minimum period of 18 months and any amounts of

healthcare coverage found due and owning as a result of the failure of said plan to extend coverage under their provisions on a timely basis, interests and costs and for reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment,

(2) Against New Castle and Star as Plan Administrators for amounts proscribed under 29 U.S.C. Section 11329(c)(1) of $100 per day for failure and refusal to provide an extension of healthcare continuation benefits, along with interest and costs, including reasonable attorneys' fees incurred in connection with this action and in connection with any judgment or proceedings to enforce or collect any judgment, and

(3) For such other or further relief, legal or equitable, as may be just, necessary and appropriate.

_____
Joseph J. Rhoades, Esquire (I.D. 2064)
A. Dale Bowers, Esquire (I.D. 3932)
1225 King Street, 12th Floor
Wilmington, Delaware 19801
302-427-9500
Attorneys for Plaintiff(s)

DATE: 11/12/07

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

07-728

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Matthew Wiley

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Joseph J. Rhoades
1225 N. King St., P.O. Box 874, Wilm., DE 19899-0874

## DEFENDANTS
Star Chrysler/Jeep, LLC, New Castle Insurance, LTD., and Blue Cross

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  |  / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. Section 1132
Brief description of cause: Claim for Health Insurance Benwfits.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Per Court Order
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____  DOCKET NUMBER _____

DATE 11/14/07
SIGNATURE OF ATTORNEY OF RECORD  3932  [signature] A. Dale Bowers for Joseph J. Rhoades  2064

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. _____07-728_____

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

____11/14/07____         x _____[signature]_____
(Date forms issued)          (Signature of Party or their Representative)

x  Lauren R. Morrison
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action