IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW WILEY, | : |
| | : |
| PLAINTIFF, | : |
| | : C.A. No. 07-728 |
| v. | : |
| | : |
| STAR CHRYSLER/JEEP, LLC, NEW CASTLE INSURANCE, LTD., And BLUE CROSS BLUE SHIELD INSURANCE, | : |
| | : |
| DEFENDANTS. | : |

## AMENDED COMPLAINT

COMES NOW the plaintiff, by undersigned counsel, and as a cause of action against the above named defendants, hereby alleges as follows:

### JURISDICICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. 1132(e).

### PARTIES

2. Plaintiff, Matthew Wiley, is the former employee of Star Chrysler/ Jeep, LLC and participant in the Health Plan.

3. Defendant, Star Chrysler/ Jeep, LLC (hereinafter "Star"), is a Delaware corporation and an employer of 20 or more employees in an industry affecting commerce within the meaning of 29 U.S.C. Section 1002(5), (11) and (12) whose registered agent is located at YCS&T Services LLC, 1000 West Street Brandywine Bldg., 17th Floor, Wilmington, DE 19801. Star is also an administrator and the plan sponsor of the Health Plan within the meaning of 29 U.S.C. 1002(16).

4.     Defendant, New Castle Insurance, Ltd. is the insurance broker for Star whose registered agent and principal place of business is located at 621 Delaware Street, New Castle, DE 19720.

5.     Defendant, Blue Cross Blue Shield of Delaware, is a Delaware corporation whose registered agent is located at 201 West 14th Street, Wilmington, DE 19801.

## COMMON FACTS

6.     Plaintiff was a former full-time employee of Star and was employed with Star for approximately one year.

7.     On or about November 21, 2005, plaintiff was involved in a motorcycle accident in which he was severely injured.

8.     On or about November 30, 2005, Star terminated plaintiff.

9.     During his employment with Star, plaintiff received health insurance benefits through Star's health benefit plan which was administered by Blue Cross Blue Shield of Delaware.

10.    During plaintiff's employment with Star, he was given an insurance card with identification number XHA101386, account number 120908.

11.    Star was identified as the employer on the insurance card.

12.    Subsequent to plaintiff's termination, he was entitled to have COBRA benefits extended him within 14 days of his termination of employment.

13.    On December 6, 2005, Sandra Keele, Director of Employee Benefits for New Castle Insurance, Ltd. sent a letter to plaintiff notifying him that effective November 30, 2005 his group health coverage would terminate with Star.

14.    Plaintiff was also informed that he had 60 days from the later of the date of the December 6, 2005 notice or the date coverage ends to notify New Castle Insurance, Ltd. of his election to continue his insurance coverage.

15. On January 4, 2006, Sandra Keele wrote plaintiff's attorney indicating that plaintiff had inquired into the continuation of healthcare benefits (COBRA) paperwork and she enclosed the COBRA Notification and Election form. The current premiums were also attached to this paperwork.

16. Plaintiff's attorney was instructed to complete the paperwork and send the first month's payment if he elected COBRA.

17. On the notice entitled COBRA Rates it was noted that the monthly cost for an individual was $326.21.

18. Plaintiff elected to continue healthcare benefits.

19. To date, plaintiff has not been extended COBRA healthcare under the health plan despite his request to continue healthcare coverage.

## COUNT I – HEALTH PLAN UNDER ERISA

20. The allegations of Paragraphs 1 through 19 are incorporated by reference as if fully restated.

21. Under terms of 29 U.S.C. Section 1132 (c)(1), and Section 1166(4) the Plan Administrator, or any of them was required to notify the plaintiff of his rights under COBRA provisions of ERISA.

22. Plaintiff selected COBRA health coverage.

23. Plaintiff has been denied participation as former employee under COBRA in a Health Plan by the Plan Administrator of said plan.

WHEREFORE, plaintiff requests that this Court enter judgment against the defendants:

(1) Against Blue Cross Blue Shield for status as plan participant under the healthcare continuation provisions of COBRA for the minimum period of 18 months and any amounts of

healthcare coverage found due and owning as a result of the failure of said plan to extend coverage under their provisions on a timely basis, interests and costs and for reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment,

(2) Against New Castle and Star as Plan Administrators for amounts proscribed under 29 U.S.C. Section 11329(c)(1) of $100 per day for failure and refusal to provide an extension of healthcare continuation benefits, along with interest and costs, including reasonable attorneys' fees incurred in connection with this action and in connection with any judgment or proceedings to enforce or collect any judgment, and

(3) For such other or further relief, legal or equitable, as may be just, necessary and appropriate.

/s/ Joseph J. Rhoades
_____
Joseph J. Rhoades, Esquire (I.D. 2064)
A. Dale Bowers, Esquire (I.D. 3932)
1225 King Street, 12th Floor
Wilmington, Delaware 19801
302-427-9500
Attorneys for Plaintiff(s)

DATE: 11-20-07

5

**CERTIIFICATE OF SERVICE**

I, Stephen T. Morrow, Esquire, hereby certify that on the 20th day of November, 2007 the foregoing Amended Complaint was sent via hand delivery to the following:

Blue Cross Blue Shield
c/o Registered Agent
201 West 14th Street
Wilmington, DE 19801

New Castle Insurance, Ltd.
621 Delaware Street
New Castle, DE 19720

/s/ Stephen T. Morrow
_____
Stephen T. Morrow