IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MATTHEW WILEY, | : | |
| | : | |
| PLAINTIFF, | : | C.A. NO. 07-728 (***) |
| | : | |
| v. | : | |
| | : | |
| STAR CHRYSLER/JEEP, LLC, NEW CASTLE INSURANCE, LTD., and BLUE CROSS BLUE SHIELD INSURANCE, | : : : : | |
| | : | |
| DEFENDANTS. | : | |

**ANSWER OF NEW CASTLE INSURANCE, LTD. TO AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant, New Castle Insurance, Ltd. ("Answering Defendant") by and through its undersigned counsel, hereby answers Plaintiff's Amended Complaint as follows:

**JURISDICTION**

1. Jurisdiction is admitted.

**PARTIES**

2. Admitted upon information and belief.

3. This paragraph contains legal conclusions for which no response is required. To the extent that the paragraph does not state legal conclusions, admitted that, upon information and belief, Defendant Star Chrysler/Jeep, LLC is the sole administrator and sponsor of the Plan. Answering Defendant is without sufficient information to form a belief as to the truth of the remaining averments and they are therefore denied.

4. Denied as stated. New Castle Insurance, Ltd has acted as an insurance broker or agent on behalf of Defendant Star Chrysler/Jeep, LLC. Registered agent information is admitted. The remainder of this averment is denied.

5. Answering Defendant is without sufficient information to form a belief as to the truth of this averment. It is therefore denied.

## **COMMON FACTS**

6. Denied as stated. Admitted that plaintiff was a full time employee of Star. His employment commenced on March 21, 2005 and terminated on November 30, 2005.

7. Answering Defendant is without sufficient information to form a belief as to the truth of this averment. It is therefore denied.

8. Denied as stated. Upon information and belief, Plaintiff's employment with Star Chrysler/Jeep, LLC was terminated on November 30, 2005.

9. Denied as stated. It is admitted, upon information and belief, that during the course of his employment with Defendant Star Chrysler/Jeep, LLC, Plaintiff received health insurance benefits through the employer-sponsored health benefit plan. It is further admitted that the health benefit plan obtained a policy of medical insurance through Blue Cross Blue Shield of Delaware to provide benefits under its health benefit plan. It is denied that Blue Cross Blue Shield of Delaware was an administrator of the health benefit plan.

10. Answering Defendant is without sufficient information to form a belief as to the truth of this averment. It is therefore denied.

11. Admitted upon information and belief.

12. Denied as stated. Plaintiff was eligible to elect COBRA continuation of health care benefits after his employer provided health care benefits terminated. Denied that Plaintiff was entitled to COBRA continuation of health care benefits. Further denied that notice of eligibility for COBRA continuation of benefits was required to be given within 14 days of the termination of Plaintiff's employment.

13. Admitted.

14. Denied as stated. By way of further answer, the COBRA Notification and Election Form sent by Ms. Keele to Plaintiff also required that any election of COBRA health care continuation benefits be in writing, on the form supplied and that the premium for such benefits also be paid.

15. Denied as stated. By way of further answer, Ms. Keele provided plaintiffs attorney with a copy of the COBRA Notification and Election Form that was sent to plaintiff on December 6, 2005.

16. Denied as stated. Plaintiff's counsel was informed that Plaintiff needed to complete the COBRA Election Form and pay the COBRA premiums.

17. Admitted.

18. Denied.

19. Denied as stated. It is admitted that Plaintiff did not receive COBRA continuation of healthcare benefits. It is denied that this was despite a proper, timely and effective election of such COBRA continuation of healthcare benefits; and the payment of all premiums for such COBRA continuation of health care benefits.

## COUNT I – HEALTH PLAN UNDER ERISA

20. Answering Defendant incorporates the responses to Paragraphs 1-19 as though fully set forth herein.

21. This paragraph states a legal conclusion for which no response is required. Otherwise, it is denied.

22. Denied.

23. Denied.

## AFFIRMATIVE DEFENSES

24. Plaintiff's claim is barred by the applicable statute of limitations.

25. Plaintiff's claim is barred by failure to exhaust administrative remedies.

26. The Complaint fails to state a claim against Answering Defendant.

27. Any damages sustained by Plaintiff must be reduced by the unpaid premiums for the alleged benefits due.

28. Any damages sustained by Plaintiff must be offset by any other applicable policies of insurance or other medical benefits to which Plaintiff was entitled and/or received.

WHEREFORE, Answering Defendant demands judgment in its favor and against Plaintiff together with costs and attorney's fees.

YOUNG CONAWAY STARGATT &
TAYLOR, LLP

_____
Timothy J. Snyder (No. 2408)
Curtis J. Crowther (No. 3238)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19899-0391
(302) 571-6600
(302) 571-1253/fax
tsnyder@ycst.com / ccrowther@ycst.com

Attorneys for Defendants

Dated: December 18, 2007

4

## CERTIFICATE OF SERVICE

I, Timothy J. Snyder, hereby certify that on December 18, 2007, I caused to be electronically filed a true and correct copy of the Answer of New Castle Insurance, Ltd. to Amended Complaint and Affirmative Defenses with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Law Offices of Joseph J. Rhoades
> Joseph J. Rhoades, Esquire
> 1225 N. King Street
> P.O. Box 874
> Wilmington, DE 19899-0874

I further certify that on December 18, 2007, I caused a copy of the foregoing document, to be hand delivered on the above-listed counsel of record

Timothy J. Snyder (No. 2408)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, DE 19801
(302) 571-6645
tsnyder@ycst.com