IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

MATTHEW WILEY,                          :
                                        :
        PLAINTIFF,                      :
                                        :     C.A. No. 07-728 (JJF)
    v.                                    :
                                        :
STAR CHRYSLER/JEEP, LLC, NEW            :
CASTLE INSURANCE, LTD.,                 :
And BLUE CROSS BLUE SHIELD              :
INSURANCE,                              :
                                        :
        DEFENDANTS.                     :

## STIPULATION AND CONSENT ORDER TO AMEND COMPLAINT

    The parties, by and through counsel, hereby stipulate and agree to the further amendment of plaintiff's Amended Complaint in the form attached hereto as Exhibit "A.". In support thereof, the parties state as follows:

    1.    Plaintiff filed the above captioned action on or about November 12, 2007 requesting relief under the COBRA provisions of ERISA.

    2.    On or about November 20, 2007 and prior to the filing of any responsive pleading, plaintiff amended his Complaint adding the proper name and address of the registered agent for defendant Star Chrysler/Jeep, LLC.

    3.    On February 15, 2008, Plaintiff filed a motion to further amend his Amended Complaint.

    4.    Defendants do not oppose the request to further amend the Amended Complaint.

5. Accordingly, Plaintiff, subject to the approval of the Court, shall be granted leave to amend the Amended Complaint in the form attached as Exhibit "A." This amended Complaint shall be the "Second Amended Complaint."

6. Defendants shall have thirty (30) days after service of the Second Amended Complaint to respond to the Second Amended Complaint.

_____
Joseph J. Rhoades, Esquire (I.D. 2064)
A. Dale Bowers, Esquire (I.D. 3932)
1225 King Street, 12th Floor
Wilmington, Delaware 19801
302-427-9500
Attorneys for Plaintiff

_____
Curtis J. Crowther, Esquire (No. 3238)
Young Conaway Stargatt & Taylor, LLP
1000 West St., 17th Flr.
The Brandywine Bldg.
P.O. Box 391
Wilmington, DE 19899-0391
Attorneys for Defendants

IT IS SO ORDERED this _____ day of _____ 2008

_____
The Honorable Joseph J. Farnan, Jr.

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW ~~WILEY~~ WILLEY, | : |
| PLAINTIFF, | : |
| | : C.A. No. 07-728 (JJF) |
| v. | : |
| STAR CHRYSLER/JEEP, LLC, NEW CASTLE INSURANCE, LTD., And ~~BLUE CROSS BLUE SHIELD INSURANCE~~, BLUE CROSS BLUE SHIELD OF DELAWARE, | : |
| DEFENDANTS. | : |

AMENDED COMPLAINT

COMES NOW the plaintiff, by undersigned counsel, and as a cause of action against the above named defendants, hereby alleges as follows:

JURISDICICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. 1132(e).

PARTIES

2. Plaintiff, Matthew Wiley, is the former employee of Star Chrysler/ Jeep, LLC and participant in the Health Plan.

3. Defendant, Star Chrysler/ Jeep, LLC (hereinafter "Star"), is a Delaware corporation and an employer of 20 or more employees in an industry affecting commerce within the meaning of 29 U.S.C. Section 1002(5), (11) and (12) whose registered agent is located at YCS&T Services LLC, 1000 West Street Brandywine Bldg., 17th Floor,

Wilmington, DE 19801. Star is also an administrator and the plan sponsor of the Health Plan within the meaning of 29 U.S.C. 1002(16).

4. Defendant, New Castle Insurance, Ltd. is the insurance broker for Star whose registered agent and principal place of business is located at 621 Delaware Street, New Castle, DE 19720.

5. Defendant, Blue Cross Blue Shield of Delaware, is a Delaware corporation whose registered agent is located at 201 West 14th Street, Wilmington, DE 19801.

## COMMON FACTS

6. Plaintiff was a former full-time employee of Star and was employed with Star for approximately one year.

7. On or about November 21, 2005, plaintiff was involved in a motorcycle accident in which he was severely injured.

8. On or about November 30, 2005, Star terminated plaintiff.

9. During his employment with Star, plaintiff received health insurance benefits through Star's health benefit plan which was administered by Blue Cross Blue Shield of Delaware.

10. During plaintiff's employment with Star, he was given an insurance card with identification number XHA101386, account number 120908.

11. Star was identified as the employer on the insurance card.

12. Subsequent to plaintiff's termination, he was entitled to have COBRA benefits extended him within 14 days of his termination of employment.

13.    On December 6, 2005, Sandra Keele, Director of Employee Benefits for New Castle Insurance, Ltd. sent a letter to plaintiff notifying him that effective November 30, 2005 his group health coverage would terminate with Star.

14.    Plaintiff was also informed that he had 60 days from the later of the date of the December 6, 2005 notice or the date coverage ends to notify New Castle Insurance, Ltd. of his election to continue his insurance coverage.

15.    <u>On or about December 19, 2005, plaintiff notified defendant, Star Chrysler/Jeep, LLC that he disputed the cancellation of his health coverage and requested proper notice of the cancellation and an opportunity to pay the monthly employee co-pay while plaintiff was out due to injuries sustained in the November 21, 2005 motor vehicle accident.</u>

16.    On January 4, 2006, Sandra Keele wrote plaintiff's attorney indicating that plaintiff had inquired into the continuation of healthcare benefits (COBRA) paperwork and she enclosed the COBRA Notification and Election form. The current premiums were also attached to this paperwork.

17.    Plaintiff's attorney was instructed to complete the paperwork and send the first month's payment if he elected COBRA.

18.    On the notice entitled COBRA Rates it was noted that the monthly cost for an individual was $326.21.

19.    <u>On or about January 19, 2006, Plaintiff elected to continue healthcare benefits and continued to dispute the propriety of the denial of his participation in the group health plan.</u>

20. On or about March 28, 2006, Plaintiff appealed the denial of healthcare benefits with Blue Cross Blue Shield of Delaware.

21. To date, plaintiff has not been provided with notice or any administrative procedure to address the denial of his healthcare coverage.

22. To date, plaintiff has not been extended COBRA healthcare under the health plan despite his request to continue healthcare coverage.

## COUNT I – HEALTH PLAN UNDER ERISA

23. The allegations of Paragraphs 1 through 22 are incorporated by reference as if fully restated.

24. Under the terms of 29 U.S.C. Section 1132 (c)(1), and Section 1166(a)(4) the Plan Administrator, or any of them was required to notify the plaintiff of his rights under COBRA provisions of ERISA.

25. Plaintiff selected COBRA health coverage.

26. Plaintiff has been denied participation as former employee under COBRA in a Health Plan by the Plan Administrator of said plan.

## COUNT II – FAILURE TO PROVIDE PROPER NOTICE

27. The allegations of Paragraphs 1 through 26 are incorporated by reference as if fully restated.

28. Under 29 U.S.C. § 1133, every employee benefit plan shall provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied.

29. Plaintiff has been denied both health benefits and COBRA benefits.

30. Plaintiff has never received proper notification.

WHEREFORE, plaintiff requests that this Court enter judgment against the defendants:

(1) Against Blue Cross Blue Shield for status as plan participant under the healthcare continuation provisions of COBRA for the minimum period of 18 months and any amounts of healthcare coverage found due and owning as a result of the failure of said plan to extend coverage under their provisions on a timely basis, interests and costs and for reasonable attorneys' fees incurred in this action or the collection or enforcement of any judgment,

(2) Against <u>Blue Cross Blue Shield of Delaware</u>, New Castle and Star as Plan Administrators for amounts proscribed under 29 U.S.C. Section 11329(c)(1) of $100 per day for failure and refusal to provide an extension of healthcare continuation benefits, along with interest and costs, including reasonable attorneys' fees incurred in connection with this action and in connection with any judgment or proceedings to enforce or collect any judgment, and

(3) For such other or further relief, legal or equitable, as may be just, necessary and appropriate.

/s/ Joseph J. Rhoades
Joseph J. Rhoades, Esquire (I.D. 2064)
A. Dale Bowers, Esquire (I.D. 3932)
1225 King Street, 12th Floor
Wilmington, Delaware 19801
302-427-9500
Attorneys for Plaintiff

DATE: