IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW WILEY, | : |
|       PLAINTIFF, | :    C.A. NO. 07-728 (JJF) |
| v. | : |
| STAR CHRYSLER/JEEP, LLC, NEW CASTLE INSURANCE, LTD., and BLUE CROSS BLUE SHIELD OF DELAWARE, | : |
|       DEFENDANTS. | : |

**ANSWER OF STAR CHRYSLER/JEEP, LLC TO SECOND
AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant, Star Chrysler/Jeep, LLC ("Answering Defendant") by and through its undersigned counsel, hereby answers Plaintiff's Second Amended Complaint as follows:

**JURISDICTION**

1. Jurisdiction is admitted.

**PARTIES**

2. Admitted.

3. This paragraph contains legal conclusions for which no response is required. To the extent that the paragraph does not state legal conclusions, admitted that, upon information and belief, Defendant Star Chrysler/Jeep, LLC is the sole administrator and sponsor of the Plan. Answering Defendant is without sufficient information to form a belief as to the truth of the remaining averments and they are therefore denied.

4. Denied as stated. New Castle Insurance, Ltd has acted as an insurance broker or agent on behalf of Answering Defendant. The registered agent location is admitted. The remainder of this averment is denied.

5. Answering Defendant is without sufficient information to form a belief as to the truth of this averment. It is therefore denied.

**COMMON FACTS**

6. Denied as stated. Admitted that Plaintiff was a full time employee of Answering Defendant. Plaintiff's employment with Answering Defendant commenced on March 21, 2005 and terminated on November 30, 2005.

7. Answering Defendant is without sufficient information to form a belief as to the truth of this averment. It is therefore denied.

8. Denied as stated. Plaintiff's employment with Answering Defendant was terminated on November 30, 2005.

9. Denied as stated. It is admitted, upon information and belief, that during the course of his employment with Answering Defendant, Plaintiff received health insurance benefits through the Answering Defendant's employer-sponsored health benefit plan. It is further admitted that the health benefit plan obtained a policy of medical insurance through Blue Cross/Blue Shield of Delaware, Inc. to provide benefits under its health benefit plan. It is denied that Blue Cross/Blue Shield of Delaware, Inc. was an administrator of the health benefit plan.

10. Answering Defendant is without sufficient information to form a belief as to the truth of this averment. It is therefore denied.

11. Admitted.

12. Denied as stated. Plaintiff was eligible to elect COBRA continuation of health care benefits after his employer provided health care benefits terminated. Denied that Plaintiff was entitled to COBRA continuation of health care benefits. Further denied that notice

2

of eligibility for COBRA continuation of benefits was required to be given within 14 days of the termination of Plaintiff's employment.

13. Admitted.

14. Denied as stated. By way of further answer, the COBRA Notification and Election Form sent by Ms. Keele to Plaintiff also required that any election of COBRA health care continuation benefits be in writing, on the form supplied and that the premium for such benefits also be paid.

15. Denied.

16. Denied as stated. By way of further answer, Ms. Keele provided plaintiffs attorney with a copy of the COBRA Notification and Election Form that was sent to plaintiff on December 6, 2005.

17. Denied as stated. By way of further answer, Plaintiff's counsel was informed that Plaintiff needed to complete the COBRA Election Form and pay the COBRA premiums.

18. Admitted.

19. Denied as stated. Plaintiff did not properly elect the continuation of health care benefits as he failed to properly send the election form and failed to make the required payment (or any subsequent payments).

20. Denied as stated. Blue Cross Blue Shield of Delaware had no authority to hear an appeal from Plaintiff regarding his termination from the insurance plan by his employer.

.21. Denied as stated. Plaintiff lost eligibility for coverage and was afforded the opportunity to continue coverage through COBRA. Plaintiff failed to elect such continuation of coverage. The remainder of the averments of this paragraph are similarly denied.

22. Denied as stated. It is admitted that Plaintiff did not receive COBRA continuation of healthcare benefits. It is denied that this was despite a proper, timely and effective election of such COBRA continuation of healthcare benefits; and the payment of all premiums for such COBRA continuation of health care benefits.

### COUNT I – HEALTH PLAN UNDER ERISA

23. Answering Defendant incorporates the responses to Paragraphs 1-22 as though fully set forth herein.

24. This paragraph states a legal conclusion for which no response is required. Otherwise, it is denied.

25. Denied.

26. Denied.

### COUNT II – FAILURE TO PROVIDE PROPER NOTICE

27. Answering Defendant incorporates the responses to Paragraphs 1-26 as though fully set forth herein.

28. This paragraph contains legal conclusions for which no response is required. To the extent that the paragraph does not state legal conclusions, it is denied that any specific claim for benefits was denied by the plan.

29. Denied.

30. Denied.

### AFFIRMATIVE DEFENSES

31. Plaintiff's claim is barred by the applicable statute of limitations.

32. Plaintiff's claim is barred by failure to exhaust administrative remedies.

33. The Complaint fails to state a claim against Answering Defendant.

4

34. Any damages sustained by Plaintiff must be reduced by the unpaid premiums for the alleged benefits due.

35. Any damages sustained by Plaintiff must be offset by any other applicable policies of insurance or other medical benefits to which Plaintiff was entitled and/or received.

WHEREFORE, Answering Defendant demands judgment in its favor and against Plaintiff together with costs and attorney's fees.

          YOUNG CONAWAY STARGATT & TAYLOR, LLP

          Timothy J. Snyder (No. 2408)
          Curtis J. Crowther (No. 3238)
          The Brandywine Building
          1000 West Street, 17th Floor
          Wilmington, DE  19899-0391
          (302) 571-6600
          (302) 571-1253/fax
          tsnyder@ycst.com / ccrowther@ycst.com

          Attorneys for Defendants

Dated: April 15, 2008

DB02:6439942.3            061013.1002

## **CERTIFICATE OF SERVICE**

I, Curtis J. Crowther, Esquire, attorney for Defendants, hereby certify that on April 15, 2008, I caused two copies of the foregoing to be served by first class, United States Mail, on the following party of record:

Mr. Matthew Wiley
102 Clover Ct.
Newark, DE  19711-8730



CURTIS J. CROWTHER (No. 3238)

Dated: April 15, 2008