IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MATTHEW WILEY, | : |
| Plaintiff, | : |
| v. | : Civ. Action No. 07-728-JJF |
| STAR CHRYSLER/JEEP LLC, et al., | : |
| Defendants. | : |

Matthew Wiley, Pro se Plaintiff, Newark, Delaware.

Timothy J. Snyder and Curtis J. Drowther, Esquires, Young Conaway, Stargatt & Taylor, Wilmington, Delaware. Attorneys for Defendants.

**MEMORANDUM OPINION**

February 18, 2009
Wilmington, Delaware

Farnan, District Judge

Presently before the Court is Defendants' Motion To Dismiss Complaint Pursuant To Rule 37 For Failure To Comply With A Discovery Order And Failure To Attend Depositions, And Rule 41(b) For Failure To Prosecute. (D.I. 39.) Plaintiff did not file a response to the Motion. For the reasons discussed below, the Court will grant Defendants' Motion. (D.I. 39.)

## I. BACKGROUND

Plaintiff, who was represented by counsel, filed this ERISA action seeking healthcare continuation benefits. (D.I. 1.) He now proceeds pro se. Plaintiff's deposition was scheduled to take place on several dates, but Plaintiff has yet to be deposed. When Plaintiff's deposition was initially scheduled, his then counsel advised Defendants that Plaintiff would not appear for the properly noticed March 4, 2008 deposition. (D.I. 17, 34.) By the time Plaintiff's deposition was scheduled a second time, Plaintiff was proceeding pro se. (See D.I. 29 granting Plaintiff's attorney leave to withdraw.) The deposition was rescheduled to take place on April 28, 2008, at 10:00 AM, but on the day of the deposition, at 9:20 AM, Plaintiff left a telephone message that he was ill and would not appear for his deposition. (D.I. 33, 34.) Defendants filed a Motion To Compel Plaintiff's

1

Deposition, but Plaintiff did not respond to the Motion (D.I. 34.)

His deposition was again rescheduled, to take place on May 12, 2008, but Plaintiff did not appear and did not contact Defense counsel either before or after the deposition. (D.I. 35, 40.)

On September 30, 2008, the Court entered an Order requiring Plaintiff to appear for his deposition no later than thirty days from the date the Order was entered. (D.I. 37.) Defendants rescheduled Plaintiff's deposition to take place on October 10, 2008. (D.I. 38.) Again, Plaintiff failed to appear and did not contact defense counsel either before or after the scheduled deposition. (D.I. 40.) There have been no filings on Plaintiff's behalf since April 2008, when he was last represented by counsel.

Defendants now move for dismissal due to Plaintiff's failure to comply with the Court's September 30, 2008 Order, failure to attend his deposition, and failure to prosecute this action.

## II. STANDARD OF LAW

Rule 37 provides the Court with the authority to dismiss a case for failure to comply with a discovery order. Additionally, Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "[f]or failure of the plaintiff to prosecute or to comply with

[the Federal Rules] or any order of court . . . ." Although dismissal is an extreme sanction that should only be used in limited circumstances, dismissal is appropriate if a party fails to prosecute the action. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 (3d Cir. 1995).

The following six factors determine whether dismissal is warranted. (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of other sanctions; and (6) the meritoriousness of the claim of defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

The Court must balance the factors and need not find that all of them weigh against Plaintiff to dismiss the action. Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). Because dismissal for failure to prosecute involves a factual inquiry, it can be appropriate even if some of Poulis factors are not satisfied. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1998). Dismissal is a severe penalty and is appropriate only in the most extreme cases. C.T. Bedwell & Sons, Inc. v. International Fid. Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988).

3

However, "[i]n certain cases, it is a necessary tool to punish parties who fail to comply with the discovery process and to deter future abuses." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976).

### III. DISCUSSION

The Court finds that the first through the fifth Poulis factors warrant dismissal of Plaintiff's case. First, as a pro se litigant, Plaintiff is solely responsible for prosecuting his claim. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 920 (3d Cir. 1992).

Second, Defendant is prejudiced by Plaintiff's failure to prosecute. Prejudice occurs when a plaintiff's failure to prosecute burdens the defendant's ability to prepare for trial. Ware v. Rodale Press, Inc., 322 F.3d 218, 222-23 (3d Cir. 2003). Plaintiff's repeated failure to attend his deposition severely impedes Defendant's ability to prepare a trial strategy. Furthermore, the costs and time wasted in scheduling unattended depositions is prejudicial for the purposes of the second Poulis factor. Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

As to the third factor, there appears to be a history of dilatoriness following the time Plaintiff began representing himself. Plaintiff failed to respond to Motions filed Defendants, he belatedly notified Defendants that he would not

4

attend his second deposition, and on two occasions failed to attend subsequently scheduled depositions. Thus, the third factor weighs in favor of dismissal.

As to the fourth factor, the facts to date lead to a conclusion that Plaintiff's failure to prosecute is willful or in bad faith. The Court notes that on one occasion Plaintiff waited until just before his deposition was scheduled to advise defense counsel that he would not appear for his deposition. On two other occasion he simply failed to appear. This, despite the fact that the Court ordered him to attend his deposition. The Court finds that Plaintiff willfully and in bad faith failed to attend to his depositions.

As to the fifth factor, there are no alternative sanctions the Court could effectively impose. Precluding Plaintiff from presenting certain evidence would not mitigate the prejudice of preventing Defendant from deposing him. Furthermore, Plaintiff's deposition is relevant to the case, so precluding him from presenting evidence relevant to his deposition testimony would have the same effect as dismissal. For the same reason, granting summary judgment in favor of Defendant or forbidding Plaintiff from pursuing further discovery would have the same effect as dismissal given the sparse record. Finally, granting attorney's

fees would be ineffective because it would not counterbalance the Defendant's need to depose Plaintiff to prepare its defense.

The Court finds the sixth factor, the merits of the claim, is neutral. Given Plaintiff's failure to attend his deposition, the Court finds the record too sparse to adequately address the merits of his claim. The other five <u>Poulis</u> factors, however, weigh in favor of dismissal.

## IV. CONCLUSION

The Court finds that Plaintiff ignored the Court's September 30, 2008 Order and willfully failed to attend his scheduled deposition. Accordingly, the Court will grant Defendants' Motion To Dismiss Complaint Pursuant To Rule 37 For Failure To Comply With A Discovery Order And Failure To Attend Depositions, And Rule 41(b) For Failure To Prosecute. (D.I. 39.)

An appropriate Order will be entered.